## UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                      :

JAMES P ARMOR JR,        :

       Debtor             :    CHAPTER 13

                               :

   JACK N. ZAHAROPOULOS    :

   STANDING CHAPTER 13 TRUSTEE   :

       Movant            :    CASE NO.  1-25-BK-02774-HWV

                               :

JAMES P ARMOR JR,        :

       Respondent       :


### <u>TRUSTEE'S OBJECTION TO FIRST AMENDEDCHAPTER 13 PLAN</u>

AND NOW, this 22nd day of December 2025, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced Debtor(s)' Plan for the following reason(s):

     1.      Debtor(s)' Plan violates 11 U.S.C. § 1322(a)(1) and § 1325(b) in that Debtor(s) has not submitted all or such portion of the disposable income to Trustee as required. More specifically,

Trustee alleges, and therefore avers, that Debtor(s)' disposable income is greater than that of which is committed to the Plan based upon the Means Test calculation and specifically disputes the following amounts:

     a.    Line 16 taxes are overestimated should be about $2,421.00 per month.

Trustee alleges, and therefore avers, that Debtor(s)' disposable income is greater than that of which is committed to the Plan based upon disposable income on Schedules I and J and specifically disputes the following amounts:

     a.    Debtor's schedule J expenses are unrealistically low for two people.


     2.      Trustee avers that Debtor(s)' Plan is not feasible based upon the following:

     a.    Insufficient Monthly Net Income as indicated on Schedules I and J. For last 36 month of plan payments.

     b.    The Plan proposes unrealistic and speculative step payments, contrary to § 1325(a)(6).

     c.    Debtor is unable to make payments under the Plan, contrary to § 1325(a)(6).

WHEREFORE, Trustee alleges and avers that Debtor(s)' Plan cannot be confirmed, and therefore Trustee prays that this Honorable Court will:

    a.   Deny confirmation of Debtor(s)' Plan.
    b.   Dismiss or convert Debtor(s)' case.
    c.   Provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Douglas R. Roeder
     Attorney for Trustee

2

<u>CERTIFICATE OF SERVICE</u>

AND NOW, this 22nd day of December 2025, I hereby certify that I have served the within Objection by electronically notifying all parties or by depositing a true and correct copy of the same in the Unites States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

JOHN M HYAMS ESQUIRE
1007 NORTH FRONT STREET, SUITE 3
HARRISBURG, PA 17102-

/s/Ashley Schott
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee